Since the promulgation of Rule 4.06 of our Uniform Criminal Rules of Circuit Court Practice was promulgated in 1979, we have considered numerous appeals regarding discovery issues in criminal cases. In Box v. State, 437 So.2d 19 (Miss. 1983), I authored a specially concurring opinion setting forth guidelines designed to facilitate an evenhanded principled approach to decision in these cases. 437 So.2d at 22-26. In the two years since that opinion was written, I believe experience has validated the ideas expressed in Box. For this reason, I am quite pleased that the majority opinion in the case at bar proceeds to adjudicate one of the discovery questions in this case by reference to the guidelines I presented in Box. See Section IX of the majority opinion, pages 342-343, wherein the Court correctly rejects the assignment of error predicated upon the State's failure to *Page 352 
submit the name of Rico Cabello as a witness pursuant to discovery prior to trial.
I write separately only to point out that two of the issues decided on the sentencing phase are equally susceptible of principled adjudication pursuant to the Box guidelines. I refer here to the issues regarding the certified copies of Cabello's prior convictions and the "mug shot" from the Louisiana State Penitentiary. See Section XVII and XVIII, pages 346-347. In lieu of what is said in the majority opinion, the analysis, in my view, should be the same as was the case in Section IX of the opinion regarding disclosure of the name of the witness Rico Cabello. That is, in the case of the certified copies of the conviction or the "mug shot", the defense was given — albeit on short notice — a reasonable opportunity to examine the proffered evidence. Box, 437 So.2d at 23. The Box guidelines then direct that if the defendant, after having inspected the proffered evidence, feels he has been subjected to unfair surprise, it is incumbent upon him to request a continuance. The record reveals that the Defendant Cabello made no such request here. As I explained in Box, that ends the matter.
With these thoughts added, I concur in the opinion for the Court authored by Chief Justice Patterson and in the result.
SULLIVAN, J., joins this opinion.